A. W. HURLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7339.   Promulgated April 2, 1927.

1. Amounts paid by a national bank on behalf of its stockholders for taxes assessed against them constitute income to the stockholder, and the amount paid as taxes is deductible from gross income.

2. Allowance for exhaustion, wear and tear of oil well equipment as determined by the respondent approved.

*Charles H. Garnett, Esq.*, for the petitioner.
*Robert A. Littleton, Esq.*, for the respondent.

This is a proceeding for the redetermination of deficiencies in income taxes for the years 1919 and 1920, in the amounts of $568.96 and $117.68, respectively.

The petitioner was, during the years 1919 and 1920, the owner of certain shares of the capital stock of the Citizens National Bank of Pawhuska, Okla. The laws of Oklahoma taxed the shares with regard to ownership, required the bank to retain so much. of every dividend belonging to the stockholders necessary to pay the tax, and gave the bank a lien on such shares to reimburse it for any taxes so paid. In those years the said Citizens National Bank paid the state and county taxes assessed on the stock of its stockholders. The amount of these taxes applicable to the shares of stock owned by the petitioner was $617.14 for the year 1919, and $547.18 for the year 1920.

During the years 1919 and 1920, the petitioner was a member of the partnership of Vandervoort & Hurley, which owned two oil leases on which were producing wells. The cost of the equipment on these leases in the year 1917 was $31,849.94. No additional equipment was purchased in 1918 or 1919, but additional equipment was purchased in 1920 at a cost of $20,359.56. The net oil reserve on these leases was 69,850 barrels in the year 1917. Due to additional development in 1920, the reserve was increased in that year by 18,000 barrels. The production for the said leases was 2,206 barrels in 1917, 34,328 barrels in 1918, 13,336 barrels in 1919, and 11,094 barrels in 1920.

The Commissioner, upon audit of the petitioner's income-tax returns for the years 1919 and 1920, increased the petitioner's income for 1919 by the amount of $617.14 and his income for 1920 by the amount of $547.18, on account of the state and county taxes paid by the Citizens National Bank of Pawhuska on the shares of its capital stock owned by the petitioner, but refused to allow any deduction from gross income on account of the taxes so paid. The Commissioner also allowed the partnership of Vandervoort & Hurley an allowance in each of the years 1919 and 1920 for the exhaustion, wear and tear of its oil well equipment, computed at the rate of 10 per cent, and adjusted the petitioner's income accordingly.

MARQUETTE: The record herein discloses that the petitioner was owner of shares of capital stock of the Citizens National Bank of Pawhuska, and that state and county taxes were assessed thereon, which were paid by the bank. These taxes constituted an obligation of the petitioner and not of the bank. *Des Moines National Bank* v. *Fairweather*, 263 U. S. 103.

The transaction was the same in substance as if the bank had paid the petitioner a dividend in the amount of the taxes and he had then liquidated his obligation. Stating the transaction in another way the bank paid the taxes for the petitioner with the petitioner's money. If the bank had paid the petitioner a dividend in the amount of the taxes and the petitioner had then paid the taxes, it is clear that he would have been required to include in gross income the amount of the dividend, and that he would be entitled to deduct from gross income the amount of the tax. We are of the opinion that the respondent properly included in the petitioner's gross income for 1919 and 1920 the amount of the taxes paid by the bank on his shares of stock, but that the respondent erred in refusing to allow the amount so paid to be deducted in computing the petitioner's net income.

With reference to the deductions to which the partnership of Vandervoort & Hurley is entitled as allowances for the exhaustion, wear and tear of its oil well equipment in the years 1919 and 1920, the petitioner and the respondent are in agreement as to the cost of the equipment, the oil reserves on the leases, and the production in each year. The petitioner, however, contends that the allowances should be computed on the unit of production basis, that is, that the allowance in each year should bear the same ratio to the cost of the equipment that the production in that year bears to the total content of the wells. The respondent has determined that an allowance in each year computed at a flat rate of 10 per cent is reasonable.

Under section 214 (a) (8) of the Revenue Act of 1918, the partnership is entitled to deduct, in computing its net income for each of the years 1919 and 1920, a reasonable allowance for the exhaustion, wear and tear of the equipment used in connection with its oil leases. However, the petitioner has failed to produce any evidence to show the life of the property in point of time, as related to the life of the resources, or that the unit of production basis of depreciation is properly applicable. Upon the record as made, we see no reason for disturbing the Commissioner's determination.

*Judgment will be entered on 15 days' notice, under Rule 50.*